ESTHER GOLDBERG *vs.* ANNIE BERMAN.

MARCH 11, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)  Slander.  Damages.*

In an action for slander based on charges affecting the chastity of plaintiff, a verdict for $200 will be sustained.

*(2)  Evidence.  Procedure. ﹍ Trial.*

Where before the jury was impanelled certain testimony was taken, relative to the trial of the case, such facts not being in evidence, a witness may not be interrogated about them.

*(3)  New Trial.  Exceptions.*

Conduct of the trial judge which might have been the basis for a motion for continuance, which having been made and denied would have furnished ground for an exception, cannot be alleged as ground for a new trial in the superior court, for, if the trial was not fair and impartial in that respect it was on account of error occuring at the trial which is expressly excluded as ground for a motion for new trial under Gen. Laws, 1909, cap. 298, § 12.

*(4)  Jurors.  New Trial.*

A verdict for plaintiff will not be disturbed, because of a remark of a juror made after verdict was rendered, that it was a good thing plaintiff did not sue for a larger sum as the jury would have given it, since it may be assumed in the absence of proof to the contrary, that his condition of mind proceeded from proof and not from prejudice.

TRESPASS ON THE CASE for slander.   Heard on exceptions of defendant, and overruled.

DUBOIS, C. J.   This is an action of trespass on the case for slander originally brought in the District Court for the Sixth Judicial District and thence certified to the Superior Court upon the defendant's claim for a jury trial.   Upon trial in the Superior Court, verdict was rendered for the plaintiff in the sum of two hundred dollars and in due season the defendant filed her motion for a new trial, based upon the following grounds:

"1.   That ﹒the verdict was against the evidence and the weight thereof.

"2.   That the verdict was grossly in excess of any damages shown by the evidence.

"3.   That the above named defendant did not have a full, fair and impartial trial in this:—That each and every juror who sat upon this case, had, just prior to being drawn hereon, sat in the court room and listened to a lengthy dispute over a certificate of illness which had been presented by the defendant's counsel:—had seen the physician who made said certificate, and other witnesses (who claimed to have seen defendant up and about during the time she claimed to be ill and in bed), upon the witness stand:—had heard the testimony of said physician and said witnesses:—had heard the Court order said defendant into Court 'if she had to come on crutches;' and whose minds had thereby become prejudiced against the defendant to the end that she did not receive fair and impartial consideration at their hands.

"4.   That one of said jurors, after said verdict, made the following remark to counsel for the defendant:— 'It is a good thing for your client that the plaintiff did not sue for $500.   We would have given the whole amount.'   Thereby showing a mind prejudiced against said defendant."

The motion was denied by the justice of the Superior Court who presided at the trial, whereupon the defendant filed and prosecuted to this court her bill of exceptions wherein she relies upon the following:

"1.   That the damages were excessive in that no special or actual damages were shown to have been suffered by the plaintiff.

"2.   That the damages were excessive in that no grounds were shown whereby punitive or exemplary damages should be given.

"3.   That the court erred in refusing to allow the defendant to introduce evidence in rebuttal of evidence offered by the plaintiff as to defendant's physical condition.   (See defendant's exception, page 78 of transcript.)

"4. · That the court erred in refusing to grant this defendant a new trial on the grounds set forth in defendant's petition therefor.

"Wherefore, the said defendant tenders this, her Bill of Exceptions and prays that the same may be allowed by the Court in accordance with the law."

(1) The defendant's exceptions are without merit. The judge and jury must have been convinced of the truthfulness of the testimony given by the plaintiff and her witnesses for the verdict was in her favor and the judge refused to disturb the same. In our opinion the verdict is warranted by the evidence, and we cannot say that the damages awarded are excessive. Scandalous charges concerning virtuous women should not be lightly treated. The third exception relates to the following incident which occurred

(2) during the direct examination of the defendant: "32 Q. Mr. Simon Friedman testified here yesterday afternoon that he was a friend of yours. A. No, sir. MR. FITZGERALD—It was not before this jury. THE COURT: No Simon Friedman testified in this case. MR. HEATHMAN: I am well aware of that, but every one of these jurors were present in this court-room when Simon Friedman was on the stand. THE COURT: They may or may not have been; I don't know where they were. MR. HEATHMAN: I think it is only fair under the circumstances. THE COURT: No, anything that occurred before this jury was impanelled in this court-room is not proper. Mr. Heathman's exception noted." The ruling was correct. The jury had been sworn to try the case upon the law and the evidence submitted to them. They could not consider what had not been testified to before them without violating their oaths. It would have been improper to have permitted the defendant to deny something that was not in evidence in the case. The court did not err in refusing to grant the defendant's motion

(3) for a new trial. The first and second reasons have been considered in connection with the exceptions relative thereto. The third reason is inappropriate as a basis for such a

motion. It amounts to a criticism of the conduct of the
trial judge in the course of the trial which might have been
the basis for a motion for continuance of the case, which,
having been made and denied, would have furnished ground
for an exception. No such course was pursued however
and if the defendant did not have a fair and impartial trial
in that respect it was on account of error occurring at the
trial which is expressly excluded as a ground for a motion
for a new trial under Gen. Laws, 1909, cap. 298, § 12. *State*
(4) v. *Papa*, 32 R. I. at pp. 456, 457. The fourth ground is
also insufficient. The remark of the juror was made after
the trial had been completed and the verdict rendered. It
is proper to assume in the absence of testimony to the con-
trary that his condition of mind was the product of the
testimony and conduct of the witnesses at the trial, in other
words that it proceeded from proof and not from prejudice.

The defendant's exceptions are overruled and the case is
remitted to the Superior Court, with direction to enter judg-
ment on the verdict.

*Bellin & Bellin, John J. Fitzgerald,* for plaintiff.
*William A. Heathman, James A. Williams,* for defendant.

